**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ROCKET PHARMACEUTICALS, INC., | ) | Civil Action No. 23-9000 (PKC) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEXEO THERAPEUTICS, INC., | ) | |
| KENNETH LAW, and | ) | |
| SONIA GUTIÉRREZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1.   **PURPOSES AND LIMITATIONS**

1.1     As the parties have represented that discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following Protective Order (the "Order").  This Order does not confer blanket protections on all disclosures or responses to discovery.  The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  Further, as set forth in Section 12.4 below, this Order does not entitle the parties to file confidential information under seal; this District's Local Rules and CM/ECF Procedures and any applicable order of this Court set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

1.2     In light of the nature of the claims and allegations in this case and the parties'

1

representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable, necessary uses of such material in connection with this action, to address the parties' handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

2.      DEFINITIONS

2.1      <u>Action</u>:   the instant action:  *Rocket Pharmaceuticals, Inc. v. Lexeo Therapeutics, Inc., et al.*, Case No. 1:23-cv-09000-PKC, pending in the United States District Court for the Southern District of New York.

2.2      <u>Challenging Party</u>:   a Party or Non-Party that challenges the designation of information or items under this Order.

2.3      <u>"CONFIDENTIAL" Information or Items</u>:   information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), or that concerns or contains a party's non-public business operations, processes, or technical and development information, or an individual's private personal information, the disclosure of which is likely to harm that party's or person's competitive position or personal interest, or the disclosure of which would contravene an obligation of confidentiality

imposed by contract or court order.

2.4    Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items in Disclosure or Discovery Material as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced, disclosed, or generated in disclosures or in discovery in this Action.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.  For purposes of this Order, an Expert includes their direct reports and support staff.

2.8    "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items:  highly sensitive information or items that are more sensitive or strategic than CONFIDENTIAL information, the disclosure of which is likely to significantly harm the Designating Party's competitive position, business or personal interests, or the disclosure of which would contravene an obligation of confidentiality imposed by contract or court order. Examples of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information or tangible things include, without limitation, trade secrets, non-public financial information, business and sales strategies, commercial information such as pricing, terms of payment, product bundling,

product roadmaps, ongoing research and development materials, sensitive technical materials, personal financial information, private individual medical histories, and other information of a similarly sensitive nature.

2.9    <u>In-House Counsel</u>:  attorneys who are employees of a Party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, and Outside Counsel of Record (and their support staffs).

2.13    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."

2.16    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a

Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above) but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial. However, the protections conferred by this Order do not cover the following information: any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.  If a Receiving Party believes Protected Material is not protected by this Order pursuant to this Section, the Receiving Party must follow the procedures set forth in Section 6 regarding challenging confidentiality designations.

Nothing herein is intended to prohibit or restrict in any way a Party's or its Counsel's use or distribution of its own information, including its own "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information and Items, provided, however, that the Information or Items were not obtained in violation of any law or other confidentiality obligation. For the avoidance of doubt, no Party or its counsel shall be restricted from using information that is in the Party's possession, custody, or control and was not received as a production by another Party in this litigation, for any purposes relating to the prosecution or

defense of the claims in this Action.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

4.    DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

      5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

      (a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions), that the Producing Party affix, at a minimum, "**Confidential**" for "CONFIDENTIAL" Information or Items or "**Highly Confidential – Outside Counsel Eyes Only**" for "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items, as appropriate, to each page of any document that contains Protected Material. With regard to electronically stored information produced in a format other than searchable .tiff, an appropriate legend shall be included on each image, page, or document to the extent practicable. Where it is not practicable to include a legend on each image, page, or document, an appropriate legend shall be affixed to the CD or other media on which the Producing Party produces the electronically stored information. Any printout from the CD or other media shall be immediately and conspicuously marked "**Confidential**" or "**Highly Confidential – Outside Counsel Eyes Only**," consistent with the legend affixed to the CD or other media, and also with a unique page identifier. If only a portion or portions of a document contains Protected Material, the Receiving Party may

7

request that the Producing Party produce a non-designated version of the document with the Protected Material redacted; provided, however, that such requests shall not be made on a mass or indiscriminate basis and the Producing Party shall have the right to object to any such requests that are unduly burdensome.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page of any document that contains Protected Material.  If only a portion or portions of a document contains Protected Material, the Receiving Party may request that the Producing Party produce a non-designated version of the document with the Protected Material redacted; provided, however, that such requests shall not be made on a mass or indiscriminate basis and the Producing Party shall have the right to object to any such requests that are unduly burdensome.

If a Producing Party does not itself have a confidentiality interest in documents or other materials it intends to produce, but has a good faith basis for believing that another Party to this action would assert a confidentiality interest in the materials intended for production, the Producing Party shall first produce a provisional copy of the production to all Parties with a temporary Bates number and stamped "PROVISIONAL PRODUCTION – FOR CONFIDENTIALTY REVIEW ONLY."  The Party that may have a confidentiality interest in the

materials will review the provisional production and provide a production with confidentiality designations to all Parties in the Action, within 60 days, or, if additional time is needed, within such other reasonable period of time as to which all Parties to the Action consent, such consent which shall not be unreasonably withheld.  Any Party that is not the Designating or Producing party agrees to destroy provisionally-designated documents upon receipt of designated documents.  For purposes of the confidentiality review, the Party that provides the confidentiality designation shall be the Designating Party and the Party that originally produced the documents will remain the Producing Party.  The Parties agree that documents stamped "PROVISIONAL PRODUCTION – FOR CONFIDENTIALITY REVIEW ONLY," will be treated as **Highly Confidential-Outside Counsel Eyes Only** until they are produced with confidentiality designations.  The non-producing Party requesting the relevant designations will be the Designating Party for purposes of this Order.  Such designations shall not constitute an admission by the Producing Party that any information is, in fact, confidential or otherwise protected.

(b)  for testimony given in depositions, hearings, or other pretrial proceedings, that the Designating Party (i) identify on the record before the close of the deposition, hearing, or other pretrial proceeding as Protected Material, or (ii) send written notice to the other Parties and to the reporter of such designation within thirty (30) days of receipt of the final transcript of the testimony.  If no indication on the record is made at the deposition, the testimony and transcript must be treated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" until thirty (30) days after receipt of the final transcript of the testimony.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.

(c)  for information produced in some form other than documentary and for any other

tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "**Confidential**" for "CONFIDENTIAL" Information or Items or "**Highly Confidential – Outside Counsel Eyes Only**" for "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items, as appropriate.

     5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate Disclosure or Discovery Material as Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material or the confidentiality of the Disclosure or Discovery Material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including return or timely destruction of all copies of documents that do not have the correct designation marking.

     6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

     6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time; provided, however, that a non-challenging party shall be able to oppose a challenge on the basis of undue delay and prejudice.

     6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation. If the Parties cannot resolve a challenge without Court intervention, the disputing party shall raise the issue with the Court within 14 days of conferring per Section 6.2.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) one attorney who is In-House Counsel of the Receiving Party, to whom disclosure is reasonably necessary for this Action and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) (the "Designated In-House Counsel");

(c) if the Receiving Party is an individual, the Receiving Party;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement

to Be Bound" (Exhibit A);

(e) the Court and its personnel;

(f) private court reporters and their staff to whom disclosure is reasonably necessary for this Action;

(g) the author, generator, custodian or recipient of a document, employees of the Designating Party who had access to the document in the ordinary course of business provided that no employee who has not previously seen Confidential Information may see that information, or 30(b)(6) witnesses designated by the Designating Party on topics relating to the document;

(h) during their depositions, witnesses that are current employees, officers, or corporate representatives of the Producing Party, as well as attorneys for such witnesses; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) private court reporters and their staff to whom disclosure is reasonably necessary for this Action;

(f) the author, generator, custodian, or recipient of a document, employees of the Designating Party who had access to the document in the ordinary course of business provided that no employee who has not previously seen the Highly Confidential Information may see that information, or 30(b)(6) witnesses designated by the Designating Party on topics relating to the document; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

Absent written consent from the Designating Party, the Designated In-House Counsel who accesses Disclosure or Discovery Material designated as CONFIDENTIAL shall not make competitive decision making relating to the subject matter of this Action ("Competitive Decision-Maker Bar"). Competitive decision making refers to, for example, business or strategic decisions that include marketing, financial, product development/design, procurement, and pricing. For the avoidance of doubt, no former or current officer of any Party may be the "Designated In-House Counsel" with access to Discovery Material designated as CONFIDENTIAL. Provided, however, that Lexeo's Chief Legal and Business Officer and Rocket Pharmaceutical's Vice President, Intellectual Property, shall not be prohibited from serving as Lexeo's or Rocket's, respectively, Designated In-House Counsel. The foregoing restrictions of this paragraph shall apply only to individuals, and not to the organizations by which they are employed. Nothing in these provisions is intended to preclude Designated In-House Counsel from participating in activities directly for the purpose of settling litigations. This Competitive Decision-Maker Bar shall begin when access

to Disclosure or Discovery Material designated as CONFIDENTIAL is first received by the Designated In-House Counsel and shall end one (1) year after final disposition of this Action.

7.4    Disclosure of Protected Material to persons, including pursuant to Section 7.2(h), shall not waive or import any privileges, trade secret protection, or contractual rights of the Producing Party relating to the subject matter of the Protected Material.

7.5    <u>Legal Advice Based on Protected Materials</u>.    Nothing in this Order shall be construed to prevent Counsel from advising their clients with respect to this Action based in whole or in part on Protected Material, provided Counsel does not disclose the Protected Material itself except as provided in this Order.

7.7    <u>Notice of Disclosure to Experts</u>. Prior to disclosing any Protected Material to any Expert as permitted by Sections 7.2(d) and 7.3(b), Counsel for the Receiving Party shall provide the Designating Party with written notice that includes: (a) the Expert's name, (b) the Expert's up-to-date curriculum vitae, (c) the Expert's current employer and title, (d) all cases in which the Expert has testified in a deposition or trial in the past four years, and (e) a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A) signed by the Expert. Further, the Receiving Party shall provide such other information regarding the Expert's professional activities reasonably requested by the Designating Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Expert.

Within seven days of receipt of the disclosure of the Expert, the Designating Party may object in writing to disclosure of Protected Material to the Expert for good cause. In the absence of an objection at the end of the seven-day period, the Expert shall be deemed approved under this Order. There shall be no disclosure of Protected Material to the Expert prior to expiration of this seven-day period. If the Designating Party objects to disclosure to the Expert within such seven-

day period, the Parties shall meet and confer via telephone within seven days following the objection and attempt in good faith to resolve this dispute on an informal basis. If the dispute is not resolved, the Designating Party will have ten days from the date of the meet and confer to seek relief from the Court. If relief is sought, the Protected Material shall not be disclosed to the Person in question until the Court resolves the objection.

For purposes of this Section, "good cause" shall include an objectively reasonable concern that the Expert will, advertently or inadvertently, use or disclose Protected Material in a way or ways that are inconsistent with the provisions contained in this Order.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena, court order, or other direction by a court, administrative agency, or legislative body that requests or compels disclosure of any Protected Material in this Action, that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena, court order, or other direction unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena, court order, or other direction to issue that some or all of the material covered by the subpoena, order, or other direction is subject to this Order.  Such notification shall include a copy of this Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order, or other direction shall not produce any Protected Material designated in this Action before a determination by the court, administrative agency, or legislative body from which the

subpoena, court order, or other direction issued, unless the Party has obtained the Designating Party's permission, or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court or before the applicable administrative agency or legislative body, as applicable, of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Party in this Action to disobey a lawful directive from another court.

       9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material.  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      (1)  promptly notify in writing the Party requesting such discovery and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      (2)  promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      (3)  make the information requested available for inspection by or provide copies of the information requested to the Non-Party, if requested.

(c) The Non-Party will have 30 days from the date it receives notice pursuant to 9(b)(1) above to seek an order from the Court protecting against the disclosure of any confidential information implicated by the relevant discovery requests, and no production of responsive material shall be made prior to the Court's resolving any such requests for relief made by the Non-Party.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material or confirm their destruction, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production by a Producing Party of Disclosure or Discovery Material subject to a claim of privilege or other protection will not waive the applicable privilege or protection if a request for return of such inadvertently produced Disclosure or Discovery Material is made within ten days after the Producing Party learns of its inadvertent production.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that

provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into this Order.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person or entity to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    Producing Protected Material.  Producing Protected Material shall not be deemed a publication thereof so as to void or make voidable whatever claim the Producing Party may have as to the proprietary or confidential nature of the Protected Material.

12.4    Filing Protected Material.    A Party that seeks to file under seal any Protected Material must comply with Rule 5.B of this Court's Individual Practices in Civil Cases and with any pertinent orders of the Court or the assigned Magistrate Judge.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

The following is included in accordance with Rule 4 of this Court's Individual Practices in Civil Cases: Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed.  Any application to seal shall be accompanied by an affidavit or affidavits

and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

Here, the Parties have agreed to modify, and by this Order, the Court hereby modifies the above deadlines with respect to identification of the opposing party's confidential information such that the party seeking to file an opposing party's confidential information shall so advise the opposing party (5) days in advance and the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order within (3) days thereafter.

12.5    <u>Retention of Jurisdiction</u>. The Parties agree that the Court shall retain jurisdiction after final disposition of this Action (as defined in Section 4) to hear and resolve any disputes arising out of this Order.

12.6    <u>Privilege Log</u>. To the extent that privileged material relating to the Action was prepared by the Parties or Outside Counsel on or after the commencement of this Action, no Party is required to log such material in a privilege log, unless the parties otherwise agree or the Court

modifies this provision for good cause shown.

      12.7   <u>Further Modification</u>.  Any Party may seek to modify this Order for good cause shown.

      13.    SECURITY AND DATA BREACH

      Any person in possession of another Party's or Non-Party's Disclosure or Discovery Material shall exercise the same care with regard to the storage, custody, or use of such Disclosure or Discovery Material as they would apply to their own material of the same or comparable sensitivity, but no less than the reasonable precautions set forth in this Section. Receiving Parties must take reasonable precautions to protect Disclosure or Discovery Material from loss, misuse and unauthorized access, disclosure, and alteration. Such measures shall include:

      (a) Reasonably preventing unauthorized persons from gaining access to Disclosure or Discovery Material (physical access control);

      (b) Reasonably preventing Disclosure or Discovery Material from being used without authorization (logical access control) including, but not limited to, the use of passwords;

      (c) Reasonably ensuring that persons entitled to use Disclosure or Discovery Material gain access only to such Disclosure or Discovery Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Disclosure or Discovery Material cannot be read, copied, modified or deleted without authorization (data access control); and

      (d) Reasonably ensuring that Disclosure and Discovery Material is processed solely in accordance with instructions from Counsel of Record for the Receiving Party (control of instructions).

If the Receiving Party discovers a breach of security relating to the Disclosure or Discovery Material of another Party or Non-Party, the Receiving Party shall: (1) provide written notice to Producing Party of such breach no later than 24 hours of Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach at its expense, and provide Producing Party with assurance reasonably satisfactory to Producing Party that such breach shall not occur; and (3) provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Producing Party sufficient prior notice in order to contest such request, requirement, or order through legal means. The Receiving Party shall reasonably assist the Producing Party with notifying any data subjects or regulatory authorities of the breach when such notice is required under data protection laws, and the Receiving Party shall be responsible for the reasonable expenses of data subject notifications. The Receiving Party agrees to provide reasonable cooperation to the Producing Party and law enforcement in investigating any security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

14.     FINAL DISPOSITION

After the final disposition of this Action, as defined in Section 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,

the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

      15.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

The undersigned Counsel stipulate that the Court should enter the above Protective Order as an order of the Court, and further stipulate that the Protective Order shall constitute a binding contract among the Parties and their counsel.


Dated:  May 22, 2024


/s Jakob B. Halpern
Sean R. Kelly
skelly@saiber.com
Jakob B. Halpern
jhalpern@saiber.com
SAIBER LLC
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
(973) 622-8394

John M. Williamson
john.williamson@finnegan.com
Jennifer H. Roscetti
jennifer.roscetti@finnegan.com
Charles T. Collins-Chase
charles.collins-chase@finnegan.com
Jordan M. Gringauz
jordan.gringauz@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
(202) 408-4000

Candace C. Walther
candace.walther@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
271 17th Street, NW, Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400

*Attorneys for Plaintiff Rocket
Pharmaceuticals Inc.*

/s Julie E. Fink
Julie E. Fink
Nicholas D. Pavlis
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
jfink@kaplanhecker.com
npavlis@kaplanhecker.com

*Attorneys for Defendants Kenneth Law and
Sonia Gutiérrez*

/s Dustin F. Guzior
Ann-Elizabeth Ostrager
ostragerae@sullcrom.com
Dustin F. Guzior
guziord@sullcrom.com
Alexander N. Gross
grossa@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel.: (212) 558-4000
Fax: (212) 558-3588

*Attorneys for Defendant Lexeo Therapeutics,
Inc.*

SO ORDERED this <u>22nd</u> day of <u>        May        </u>, 2024.

<u>                                </u>

**Hon. P. Kevin Castel**

**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of New York on _____ in the case of *Rocket Pharmaceuticals, Inc. v. Lexeo Therapeutics, Inc., et al.*, Case No. 1:23-cv-09000-PKC.  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____