

**Jakob B. Halpern**
(973) 622-8394
jhalpern@saiber.com

November 25, 2024

**BY ECF**

Honorable P. Kevin Castel, U.S.D.J.
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

*Application provisionally granted. SO ORDERED*
*[signature]*
*USDJ*
*11-26-24*

Re:  *Rocket Pharmaceuticals, Inc. v. Lexeo Therapeutics, Inc., et al.*
      **Civil Action No. 23-9000 (PKC)**

Dear Judge Castel:

Our firm, along with Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, represents Plaintiff Rocket Pharmaceuticals, Inc. ("Rocket") in this matter. Pursuant to Rule 5.B of Your Honor's Individual Rules of Practice, Paragraph 12.4 of the Stipulated Protective Order (the "Protective Order") (D.I. 77) and applicable law, Rocket requests permission to file certain documents under seal in connection with Plaintiff's Request to Disqualify Dr. Peluso ("Request to Disqualify").

Rocket respectfully requests that the Court issue an order sealing certain: (i) portions of Rocket's Letter Motion to Disqualify; and (ii) Exhibits to the Declaration of John Williamson In Support of Plaintiffs' Request to Disqualify (the "Williamson Declaration").

Filing documents under seal is appropriate if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Although "docket sheets enjoy a presumption of openness," this "presumption is rebuttable upon demonstration that suppression 'is essential to preserve higher values and is narrowly tailored to serve that interest." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) (quoting *Grove Fresh Distrib., Inc. v. Everfresh Juice Corp.*, 24 F.3d 893, 897 (7th Cir. 1994) (internal quotation marks omitted)). Two "higher values" are present here which rebut the presumption of openness: the need to protect confidential business information and the need to protect confidential and proprietary trade secret information.

The Second Circuit has held that the "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access." *Standard*

Honorable P. Kevin Castel, U.S.D.J.
November 25, 2024
Page 2

*Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009); *see also Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-CV-6399 (PKC), 2020 WL 5813448, at *3 (S.D.N.Y. Sept. 30, 2020) (finding that disclosure of information "could advantage Movants' competitors and harm their business" and holding that "Movants' interest in protecting this sensitive business information . . . outweighs the public's presumed right of access."); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412–13 (S.D.N.Y. 2015) (granting motion to seal exhibits containing "highly confidential sales information, including pricing information, which is not available to the public.").

Courts in this Circuit have held that protecting trade secret information warrants sealing documents. *See, e.g., Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22-CV-3235 (JPO)(KHP), 2024 WL 3887152, at *4 (S.D.N.Y. Aug. 20, 2024) (holding that document may remain under seal where redactions "seek to keep trade secrets, non-party client identities, and specific commercially sensitive metrics of each companies' performance confidential."); *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 421–22 (E.D.N.Y. 2007), *judgment entered sub nom. In re Zyprexa Litig.*, No. 07-CV-0504, 2007 WL 669797 (E.D.N.Y. Mar. 1, 2007), and *aff'd sub nom. Eli Lilly & Co. v. Gottstein*, 617 F.3d 186 (2d Cir. 2010) (proper to file under seal documents containing "trade secrets and confidential commercial information of defendant Lilly; revelation has the potential to impinge on the company's privacy and property rights and inflict commercial harm.").

Exhibit 1 to the Williamson Declaration is a copy of the Consulting Agreement between Renovacor and Dr. Peluso. While the existence of this Agreement has been disclosed, the Agreement contains specific terms which are confidential, including the scope of the Consulting Services provided under the agreement and Dr. Peluso's consulting rate. This Agreement contains commercially sensitive business information and should be sealed in its entirety.

Exhibit 4 to the Williamson Declaration is an excerpt of a Renovacor document tracking attendance of each Scientific Advisory Board ("SAB") member at each meeting and the corresponding payments made to the SAB members. Exhibit 4 should be filed under seal because it contains confidential business information specific to Plaintiff's Motion to Disqualify, including payment to Renovacor's SAB members and attendance and frequency of SAB meetings.

Exhibit 5 to the Williamson Declaration is a confidential and proprietary presentation from a meeting of the Renovacor SAB. This presentation contains information surrounding Renovacor's business strategy, as well as confidential technical information from both Rocket and Renovacor. Disclosure of this sensitive and proprietary business and technical information could harm Rocket's commercial standing, and this presentation should therefore be sealed in its entirety.

In addition, certain sections of Plaintiffs' Request to Disqualify quote from or relate to the same confidential documents discussed above. Accordingly, these sections have been filed with the appropriate redactions and should be sealed in part for the reasons discussed above.

Honorable P. Kevin Castel, U.S.D.J.
November 25, 2024
Page 3

In view of the foregoing, Plaintiff respectfully requests the Court grant its motion to redact specific information in Plaintiff's Request to Disqualify, and to file Exhibits 1, 4, and 5 under seal.

Plaintiff is available at the Court's convenience should Your Honor have any questions or wish to discuss these requests. We thank the Court for its consideration and assistance in this matter.

Respectfully submitted,

/s Jakob B. Halpern

JAKOB B. HALPERN

Enclosure

cc:   All counsel (w/encl., by ECF)