UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rocket Pharmaceuticals, Inc., <br><br> Plaintiff, <br><br> -against- <br><br> Lexeo Therapeutics, Inc., et al., <br><br> Defendants. | 1:23-cv-09000 (PKC) (SDA) <br><br> **OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court are requests to seal filings and/or portions of filings on the ECF docket that were submitted in connection with the motion of Plaintiff Rocket Pharmaceuticals, Inc. ("Plaintiff") to disqualify a proposed expert of Defendant Lexeo Therapeutics, Inc. ("Lexeo"). (Pl.'s 11/25/24 Ltr. Mot. to Seal, ECF No. 102; Lexeo's 12/2/24 Ltr., ECF No. 110; Pl.'s 12/9/24 Ltr. Mot. to Seal, ECF No. 118.) For reasons stated herein, it is hereby ORDERED that the requests to seal are GRANTED.

## BACKGROUND

On November 25, 2024, Plaintiff file a letter motion requesting permission to file certain documents or portions of documents under seal in support its motion to disqualify Lexeo's proposed expert. (Pl.'s 11/25/24 Ltr. Mot. to Seal at 1.) On November 26, 2024, Judge Castel provisionally granted Plaintiff's request. (11/26/24 Order, ECF No. 109.) On December 2, 2024, Lexeo filed a letter provisionally requesting permission to file certain portions of its response to the disqualification motion under seal. (Lexeo's 12/2/24 Ltr. at 1.) On December 9, 2024, Plaintiff filed a letter motion requesting permission to file certain portions of its reply under seal. (Pl.'s 12/9/24 Ltr. Mot. to Seal at 1.)

On December 13, 2024, the Court held a conference to address the motion to disqualify, during with the Court stated that certain sealed documents previously filed at ECF Nos. 105, 107, 112 and 120 had redacted from them publicly available information and needed to be re-filed to as to make such information available on the public ECF docket. (12/12/24 Tr., ECF No. 124, at 4-5.) Accordingly, on December 14, 2024, the Court ordered the parties to the parties to re-file the documents previously filed at ECF Nos. 105, 107, 112 and 120 with more narrowly tailored redactions. (12/14/24 Order, ECF No. 123.) On December 21, 2024, the parties re-filed the documents filed at ECF Nos. 105, 107, 112 and 120, in accordance with the Court's December 14 Order. (*See* Redacted Docs. filed at ECF Nos. 130, 131, 132 and 133.)

## **LEGAL STANDARDS**

It is well settled that "[t]he public has a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnotes omitted). A judicial document or judicial record is "'a filed item that is relevant to the performance of the judicial function and useful in the judicial process.'" *Badinelli v. Tuxedo Club*, No. 15-CV-06273 (VB), 2018 WL 6411275, at *1 (S.D.N.Y. Dec. 6, 2018) (quoting *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)). "Federal courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form based in federal common law." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013). The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such

2

information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

Moreover, "the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access." *Cisco Sys., Inc. v. Synamedia Ltd.*, 557 F. Supp. 3d 464, 476 (S.D.N.Y. 2021); *see also Roberto Coin Inc. v. Goldstein*, No. 18-CV-04045 (EK) (ST), 2020 WL 13564045, at *3 (E.D.N.Y. Mar. 30, 2020) ("it is not enough for parties to assert that a confidentiality agreement or protective order governing discovery allows for documents or information to be filed under seal"). Whether documents are subject to a confidentiality stipulation between the parties is an entirely different inquiry from whether those documents filed in connection with a motion submitted to the Court. It has been summarized by other courts in this Circuit that:

> Although it is true that a protective order may provide guidance to the parties regarding what documents it might be appropriate to seal and how such documents should be presented to the Court, the decision to allow documents to be filed under seal in connection with motions and court proceedings is a wholly separate inquiry governed by a different standard than whether to maintain documents disclosed in discovery in confidence.

*Roberto Coin*, 2020 WL 13564045, at *3 (quoting *Uni-Sys., LLC v. U.S. Tennis Ass'n, Inc.,* No. 17-CV-00147, 2019 WL 3753780, at *2 (E.D.N.Y. Aug. 8, 2019) (additional citation omitted)). Plainly, the "parties cannot control by private agreement the public's access to judicial proceedings." *Next Caller Inc. v. Martire*, 368 F. Supp. 3d 663, 667 (S.D.N.Y. 2019).

Once determined, the weight of the presumption of public access is balanced against competing interests, which "include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *Amodeo*, 71 F.3d

3

at 1049); *see also Nixon*, 435 U.S. at 599 ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

"[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-02542 (VSB), 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (citing *Amodeo*, 71 F.3d at 1051). However, "it is not enough to 'simply assert that disclosure would place a party at a competitive disadvantage.'" *Roberto Coin*, 2020 WL 13564045, at *3 (quoting *IDC Fin. Publ'g, Inc. v. BondDesk Grp., LLC*, No 15-CV-01085 (PP), 2020 WL 1158467, at *3 (E.D. Wis. Mar. 10, 2020)).

In short, under the *Lugosch* framework, the Court must determine: "(1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public access attaching to that judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to that judicial document." *SEC v. Telegram Grp. Inc.*, No. 19-CV-09438 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (citing *Lugosch*, 435 F.3d at 119-20).

**DISCUSSION**

The documents that are the subject of the parties' requests to seal are "judicial documents" under Second Circuit precedent. "The character of the documents at the time of filing is what matters when determining if the documents are judicial documents; a document is

a judicial document from the moment of filing—when a party asks the Court to rely on the document when ruling." *Lohnn v. Int'l Bus. Machines Corp.*, No. 21-CV-06379 (LJL), 2022 WL 3359737, at *3 (S.D.N.Y. Aug. 15, 2022); *see also Lugosch*, 435 F.3d at 120-21 ("[a]s a matter of law, . . . by virtue of having been submitted to the court as supporting material in connection with a [motion]—are unquestionably judicial documents under the common law"). Here, the subject documents consist of the parties' briefings and exhibits that were submitted in connection with Plaintiff's motion to disqualify and are thus judicial documents.

Next, the Court must determine the public's presumptive weight to access the subject documents having determined they are judicial documents. Based on the record related to the motion to disqualify, the Court finds that such weight is moderate given the balance of competing interests between the public's right to access and the sensitive nature of the redacted information. *See Lugosch*, 435 F.3d at 120 (quoting *Amodeo*, 71 F.3d at 1049); *see also Nixon*, 435 U.S. at 599.

The Court finds that the subject documents, with the latest set of redactions, should be placed under permanent seal to "preserve higher values" given that the parties applied redactions that are "narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. While usually it is not enough to protect sensitive commercial information by asserting a generalized competitive disadvantage, the Court finds that the information is of the nature and kind that should be placed under seal. The Court does not find that there are any countervailing factors counseling in favor of making the subject documents publicly available.

For these reasons, the requests to seal are GRANTED.

**CONCLUSION**

For the reasons stated herein, the requests to seal, which previously had been provisionally granted in part, hereby are GRANTED.

**SO ORDERED.**

Dated:     New York, New York
           December 24, 2024

_____
STEWART D. AARON
United States Magistrate Judge