

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/2025

**Jakob B. Halpern**
(973) 622-8394
jhalpern@saiber.com

January 31, 2025

**BY ECF**

Honorable Stewart D. Aaron, U.S.M.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    ***Rocket Pharmaceuticals, Inc. v. Lexeo Therapeutics, Inc., et al.***
             **Civil Action No. 23-9000 (PKC) (SDA)**

Dear Judge Aaron:

    Our firm, along with Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, represents Plaintiff Rocket Pharmaceuticals, Inc. ("Rocket") in this matter. Pursuant to Rule II.B.4 of Your Honor's Individual Rules of Practice, Paragraph 12.4 of the Stipulated Protective Order (the "Protective Order") (D.I. 77), this Court's standing order, No. 19-MC-00583, and applicable law, we write on behalf of Rocket jointly with Lexeo Therapeutics, Inc. ("Lexeo") regarding certain documents Rocket filed under seal with its January 28, 2025 Letter Motion (D.I. 161) and certain documents Lexeo filed under seal in connection with its January 28, 2025 Letter Motion (D.I. 155).

    It is well settled that "[t]he public has a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To determine whether the presumption in favor of public access to documents attaches, Courts consider "(1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of access attaching to that document; and (3) if any countervailing factors outweigh the right of public access." See *SEC v. Telegram Grp.*, 2020 WL 3264564, at *3 (S.D.N.Y. June 17, 2020) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014).

    In the Court's January 29, 2025 Order addressing sealing of pages 10 through 89 of D.I. 142-5, the Court instructed Lexeo to provide to Rocket by February 5, 2025, the chart that Lexeo refers to in footnote 2 of D.I. 146 (letter motion to seal) and instructed Rocket to file a new version of D.I. 142-5 by February 12, 2025, that removes the redactions for publicly available information. *See* D.I. 167. Based on the Court's January 29, 2025 Order, the parties respectfully request that the Court temporarily maintain under seal Exhibit H to Lexeo's Reply Letter Motion (D.I. 157-2). Exhibit H contains subject matter that overlaps with the contents of D.I. 142-5, and

thus the parties jointly propose that D.I. 157-2 remains under seal until the parties have completed the process specified in the Court's January 29, 2025 Order.

**Rocket's Position**

Rocket respectfully requests that the Court issue an order sealing Exhibit I (D.I. 157-3) to Lexeo's January 28, 2025 Reply Letter Motion (D.I. 155 ("Lexeo's Reply")) and Exhibit B (D.I. 162-2) to Rocket's January 28, 2025 Letter Motion (D.I. 161 ("Rocket's First Motion")). Both exhibits detail certain aspects of Rocket's gene therapy programs and reflect Rocket's trade secrets.

Under the DTSA, orders to preserve the confidentiality of trade secrets are "necessary and appropriate." 18 U.S.C. § 1835(a). Courts in this Circuit have held that protecting trade secret information warrants sealing documents. *See, e.g., Nielson Consumer LLC v. Circana Grp., L.P.*, 2024 WL 3887152, at *4 (S.D.N.Y. Aug. 20, 2024). Disclosure of the information in Exhibit I (D.I. 157-3) would competitively harm Rocket, as it reflects non-public business and technical information, including Rocket's strategic manufacturing partners. *See Keurig*, 2014 WL 12772236 at *2 ("The need to protect sensitive commercial information from disclosure to competitors seeking an advantage" justifies sealing). Disclosure of the trade secret information in Exhibit B (D.I. 162-2) would also competitively harm Rocket, as it reflects an internal, non-public AAV drug preparation protocol containing highly technical information. *See Roberto Coin, Inc. v. Goldstein*, 2020 WL 13564045, at *3 (Mar. 30, 2020) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like").

In view of the foregoing, Rocket respectfully asks the Court to grant its motion to seal Exhibit I (D.I. 157-3) to Lexeo's Reply Letter Motion (D.I. 155) as well as Exhibit B (D.I. 162-2) to Rocket's Letter Motion (D.I. 161).

Rocket takes no position regarding whether the documents Lexeo requests to maintain under seal—D.I. 157-1 (Exhibit G), D.I. 162-1 (Exhibit A), or D.I. 165-1 (Exhibit A)—reflect Lexeo's purported trade secrets, but Rocket does not oppose Lexeo's request to maintain those documents under seal.

**Lexeo's Position**

Lexeo respectfully requests that the Court issue an order sealing (i) Exhibit G (D.I. 157-1) to Lexeo's Reply, (ii) Exhibit A (D.I. 162-1) to Rocket's First Motion, and (iii) Exhibit A (D.I. 165-1) to Rocket's second January 28, 2025 Letter Motion (D.I. 164 ("Rocket's Second Motion")). These documents were filed in connection with Lexeo's Reply, Rocket's First Motion, and Rocket's Second Motion, and accordingly, are judicial documents. *Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 3359737, at *3 (S.D.N.Y. Aug. 15, 2022). As Lexeo's Motion, Rocket's First Motion, and Rocket's Second Motion concern discovery disputes, rather than dispositive issues, D.I. 157-1, 162-2 and 165-1 are subject to a lesser presumption of public access, *Kewazinga Corp. v. Google LLC*, 2024 WL 4558070, at *1 (S.D.N.Y. Oct. 21, 2024). D.I. 157-1 includes excerpts from Lexeo's responses and objections to Rocket's Interrogatory No. 16, which

Honorable Stewart D. Aaron, U.S.M.J.
January 31, 2025
Page 3

discusses the research and development relating to the trade secret Lexeo asserts in its counterclaims. D.I. 162-1 includes excerpts from Lexeo's responses and objections to Rocket's Interrogatory No. 11, which discuss Lexeo's internal decisions concerning employment matters. D.I. 165-1 includes excerpts from Lexeo's responses and objections to Rocket's Interrogatory No. 1, which discuss aspects of Lexeo's research and development for certain gene therapies. The Court previously has sealed the redacted material in D.I. 165-1, which was filed as an exhibit to an earlier motion. (*See* D.I. 167)

Disclosure of the information in D.I. 157-1, 162-1 and 165-1 would competitively harm Lexeo because it reflects confidential, non-public information concerning the research and development of the trade secret asserted in Lexeo's counterclaims and Lexeo's gene therapies, as well as internal employment decisions. *See Roberto Coin*, 2020 WL 13564045, at *3 ("confidential research and development information" is often sealed); *Lexington Furniture Indus., Inc. v. Lexington Co.*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (sealing of "sensitive business information [] outweighs the public's right to access this information"). Lexeo has filed on the public docket a version of D.I. 157-1 (at D.I. 158-1) and Rocket has filed on the public docket a version of D.I. 162-1 and 165-1 (at D.I. 163-1, 166-1), and those redactions are the least restrictive means available to protect Lexeo's confidential information. *See Lugosch*, 435 F.3d at 120. Thus, Lexeo requests that the Court maintain the unredacted versions of D.I. 157-1, 162-1 and 165-1 under seal.

Lexeo disagrees that the documents Rocket requests to maintain under seal (D.I. 157-3, 162-2) reflect Rocket's purported trade secrets, but does not oppose Rocket's request to maintain those documents under seal.

We thank the Court for its consideration and assistance in this matter.

Respectfully submitted,

/s Jakob B. Halpern

JAKOB B. HALPERN

cc:   All counsel (by ECF)

ENDORSEMENT: The Joint Letter Motion to seal is GRANTED with respect to the documents filed at ECF Nos. 157-1, 157-3, 162-1, 162-2 and 165-1. Having carefully reviewed the redacted and unredacted versions of the documents filed at ECF No. 157-1 (redacted version filed at ECF No. 158-1), ECF No. 162-1 (redacted version filed at ECF No. 163-1), ECF No. 162-2 (redacted version filed at ECF No. 163-2) and ECF No. 165-1 (redacted version filed at ECF No. 166-1), the Court is satisfied that the parties have met their burden, under applicable precedent, for sealing the redacted portions of such documents. In addition, having carefully reviewed the complete document filed at ECF No. 157-3, the Court finds that Rocket has met its burden, under applicable precedent, for sealing such document. The Court defers ruling on the extent to which the document filed at ECF No. 157-2 shall remain under seal while the parties complete the process specified in the Court's January 29, 2025 Order (ECF No. 167), with respect to such document.

SO ORDERED.
Dated: February 3, 2025