

**Jakob B. Halpern**
**(973) 622-8394**
**jhalpern@saiber.com**

February 5, 2025

**BY ECF**

Honorable Stewart D. Aaron, U.S.M.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/6/2025
```

    Re:   ***Rocket Pharmaceuticals, Inc. v. Lexeo Therapeutics, Inc., et al.***
             **Civil Action No. 23-9000 (PKC) (SDA)**

Dear Judge Aaron:

    Pursuant to Rule II.B.4 of Your Honor's Individual Rules of Practice, Paragraph 12.4 of the Stipulated Protective Order (the "Protective Order") (D.I. 77), this Court's standing order, No. 19-MC-00583, and applicable law, we write on behalf of Rocket Pharmaceuticals, Inc. ("Rocket") jointly with Lexeo Therapeutics, Inc. ("Lexeo") regarding a document Lexeo filed under seal with its January 31, 2025 Opposition (D.I. 171 ("Lexeo's Opposition")) to Rocket's January 28, 2025 Letter Motion (D.I. 164).

    It is well settled that "[t]he public has a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To determine whether the presumption in favor of public access to documents attaches, Courts consider "(1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of access attaching to that document; and (3) if any countervailing factors outweigh the right of public access." See *SEC v. Telegram Grp.*, 2020 WL 3264564, at *3 (S.D.N.Y. June 17, 2020) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014).

### Rocket's Position

    Rocket respectfully requests that the Court issue an order sealing Exhibit B (D.I. 172-2) to Lexeo's Opposition. Exhibit B is Lexeo's Responses and Objections to Rocket's First Set of Interrogatories which contain Rocket's confidential business information related to the development of its PKP2 gene therapy program.

    Disclosure of the information on pages 12-17, 38, 45, 52, 53, 56, 57, 61-63, and 65 of

Saiber LLC • 18 Columbia Turnpike, Suite 200 • Florham Park, New Jersey • 07932-2266 • Tel 973.622.3333 • Fax 973.622.3349 • www.saiber.com

Florham Park  •  Newark  •  New York  •  Philadelphia

Honorable Stewart D. Aaron, U.S.M.J.
February 5, 2025
Page 2

Exhibit B (D.I. 172-2) would competitively harm Rocket, as it reflects internal, non-public business and development information detailing Rocket's strategic partners and aspects of its PKP2 gene therapy program, including information related to when Rocket started working on its PKP2 gene therapy program. *See Keurig*, 2014 WL 12772236 at *2 ("The need to protect sensitive commercial information from disclosure to competitors seeking an advantage" justifies sealing); *Roberto Coin, Inc. v. Goldstein*, 2020 WL 13564045, at *3 (Mar. 30, 2020) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like").

In view of the foregoing, Rocket respectfully asks the Court to grant its motion to seal Exhibit B (D.I. 172-2) to Lexeo's Opposition.

Rocket takes no position regarding whether the information in Lexeo's requests to maintain under seal portions of Exhibit B (D.I. 172-2) reflect Lexeo's purported trade secrets, but Rocket does not oppose Lexeo's request to maintain the document under seal.

**Lexeo's Position**

Lexeo respectfully requests that the Court issue an order sealing Exhibit B (D.I. 172-2) to Lexeo's Opposition. This document was filed in connection with Lexeo's Opposition, and accordingly, is a judicial document. *Lohnn* v. *Int'l Bus. Machines Corp.*, 2022 WL 3359737, at *3 (S.D.N.Y. Aug. 15, 2022). As Lexeo's Opposition concerns discovery disputes, rather than dispositive issues, Exhibit B is subject to a lesser presumption of public access, *Kewazinga Corp.* v. *Google LLC*, 2024 WL 4558070, at *1 (S.D.N.Y. Oct. 21, 2024).

Exhibit B is the entirety of Lexeo's responses and objections to Rocket's Interrogatories. Exhibit B includes Lexeo's responses and objections to Rocket's Interrogatory No. 1, which discuss aspects of Lexeo's research and development for certain gene therapies. The Court previously has sealed the redacted material in Lexeo's responses and objections to Rocket's Interrogatory No. 1, which was filed as an exhibit to an earlier motion. (*See* D.I. 167). Exhibit B further includes Lexeo's responses and objections to Rocket's Interrogatory Nos. 4 and 11, which disclose Lexeo's internal decisions concerning employment matters. The Court previously has sealed a portion of the redacted material in Lexeo's responses and objections to Rocket's Interrogatory No. 11, which was filed as an exhibit to an earlier motion. (*See* D.I. 178). Exhibit B further includes Lexeo's responses and objections to Rocket's Interrogatory No. 5, which contains account and device information for Lexeo electronic devices. Exhibit B further includes Lexeo's responses and objections to Rocket's Interrogatory No. 12, which discusses Lexeo's internal decisions concerning its acquisition of Stelios Therapeutics, Inc. Exhibit B further includes Lexeo's responses and objections to Rocket's Interrogatory No. 14, which contains information (on p. 39) about Lexeo's ongoing clinical trial. Exhibit B further includes Lexeo's responses and objections to Rocket's Interrogatory Nos. 15 and 16, which discusses research and development and license agreements relating to the trade secret Lexeo asserts in its counterclaims. Finally, Exhibit B includes Lexeo's responses and objections to Interrogatory No. 18, which contains information (on p. 60) concerning research and development relating to the trade secret Lexeo asserts in its counterclaims.

Honorable Stewart D. Aaron, U.S.M.J.
February 5, 2025
Page 3

      Disclosure of the above-listed information in Exhibit B would competitively harm Lexeo because it reflects confidential, non-public information concerning the research and development of Lexeo's gene therapies and the trade secret asserted in Lexeo's counterclaims, confidential license agreements, internal employment decisions, sensitive information about Lexeo electronic devices, and an ongoing clinical trial. *See Roberto Coin*, 2020 WL 13564045, at *3 ("confidential research and development information" is often sealed); *Lexington Furniture Indus., Inc.* v. *Lexington Co.*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (sealing of "sensitive business information [] outweighs the public's right to access this information"). Lexeo has filed on the public docket a version of Exhibit B (at D.I. 173-2) and those redactions are the least restrictive means available to protect Lexeo's confidential information. *See Lugosch*, 435 F.3d at 120. Thus, Lexeo requests that the Court maintain the unredacted version of Exhibit B under seal.

      Lexeo does not oppose Rocket's request to maintain under seal the portions of Exhibit B that Rocket lists above, which, with the portions Lexeo seeks to seal, comprise the entirety of the portions of Exhibit B that Lexeo filed under seal.

      We thank the Court for its consideration and assistance in this matter.

Respectfully submitted,

/s Jakob B. Halpern

JAKOB B. HALPERN

cc:    All counsel (by ECF)

ENDORSEMENT: The Joint Letter Motion to Seal (ECF No. 187) is GRANTED. Having carefully reviewed the redacted and unredacted versions of the document filed at ECF No. 172-2 (redacted version filed at ECF No. 173-2), the Court is satisfied that the parties have met their burden, under applicable precedent, for sealing the redacted portions of such document.

SO ORDERED.
Dated: February 6, 2025

*/s/ Stewart D. Aaron*