

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/7/2025

**Jakob B. Halpern**
(973) 622-8394
jhalpern@saiber.com

February 6, 2025

**BY ECF**

Honorable Stewart D. Aaron, U.S.M.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    ***Rocket Pharmaceuticals, Inc. v. Lexeo Therapeutics, Inc., et al.***
            **Civil Action No. 23-9000 (PKC) (SDA)**

Dear Judge Aaron:

    Pursuant to Rule II.B.4 of Your Honor's Individual Rules of Practice, Paragraph 12.4 of the Stipulated Protective Order (the "Protective Order") (D.I. 77), this Court's standing order, No. 19-MC-00583, and applicable law, we write on behalf of Rocket Pharmaceuticals, Inc. ("Rocket") jointly with Lexeo Therapeutics, Inc. ("Lexeo") regarding a document Rocket filed under seal with its February 3, 2025 Reply (D.I. 180 ("Rocket's Reply")) in support of Rocket's January 28, 2025 Letter Motion (D.I. 161).

    It is well settled that "[t]he public has a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To determine whether the presumption in favor of public access to documents attaches, Courts consider "(1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of access attaching to that document; and (3) if any countervailing factors outweigh the right of public access." *See SEC v. Telegram Grp.*, 2020 WL 3264564, at *3 (S.D.N.Y. June 17, 2020) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014).

    **Rocket's Position**

    Rocket respectfully requests that the Court issue an order sealing Exhibit D (D.I. 182-1) to Rocket's Reply (D.I. 181). Exhibit D is a Lexeo document that is nearly identical to D.I. 162-2 ("Rocket's Version"), which has already been sealed by this Court (D.I. 178). The only difference between Rocket's Version (D.I. 162-2) and Exhibit D (D.I. 182-1) is the replacement of references to Rocket and its programs with references to Lexeo and its programs. Both documents contain Rocket's trade secret information related to an AAV drug preparation protocol.

Honorable Stewart D. Aaron, U.S.M.J.
February 6, 2025
Page 2

Courts in this Circuit have held that protecting trade secret information warrants sealing documents. *See, e.g., Nielson Consumer LLC v. Circana Grp., L.P.*, 2024 WL 3887152, at *4 (S.D.N.Y. Aug. 20, 2024). Disclosure of the information in Exhibit B (D.I. 182-1) would competitively harm Rocket, as it reflects an internal, non-public AAV drug preparation protocol containing highly technical information. *See Roberto Coin, Inc. v. Goldstein*, 2020 WL 13564045, at *3 (Mar. 30, 2020) ("Documents falling into categories commonly sealed are those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like").

In view of the foregoing, Rocket respectfully asks the Court to grant its motion to seal Exhibit D (D.I. 182-1) to Rocket's Reply.

**Lexeo's Position**

Lexeo disagrees that Exhibit D reflects Rocket's purported trade secrets, but does not oppose Rocket's request to maintain Exhibit D under seal.

We thank the Court for its consideration and assistance in this matter.

Respectfully submitted,

/s Jakob B. Halpern

JAKOB B. HALPERN

cc:   All counsel (by ECF)

The Letter Motion to Seal (ECF No. 189) is GRANTED. Having carefully reviewed the redacted and unredacted versions of the document filed at ECF No. 182-1 (redacted version filed at ECF No. 183-1), the Court is satisfied that Rocket has met its burden, under applicable precedent, for sealing the redacted portions of such document.

SO ORDERED.
Dated: February 7, 2025

*/s/ Stewart D. Aaron*