

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2025

**Jakob B. Halpern**
(973) 622-8394
jhalpern@saiber.com

February 20, 2025

**BY ECF**

Honorable Stewart D. Aaron, U.S.M.J.
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: ***Rocket Pharmaceuticals, Inc. v. Lexeo Therapeutics, Inc., et al.***
     **Civil Action No. 23-9000 (PKC) (SDA)**

Dear Judge Aaron:

  Pursuant to Rule II.B.4 of Your Honor's Individual Rules of Practice, Paragraph 12.4 of the Stipulated Protective Order (the "Protective Order") (D.I. 77), this Court's standing order, No. 19-MC-00583, and applicable law, we write on behalf of RTW Investments, LP ("RTW") jointly with Lexeo Therapeutics, Inc. ("Lexeo") regarding a document Lexeo filed under seal with its February 18, 2025 Reply (D.I. 212, "Lexeo's Reply") in support of Lexeo's February 11, 2025 Letter Motion (D.I. 199).

  It is well settled that "[t]he public has a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To determine whether the presumption in favor of public access to documents attaches, Courts consider "(1) whether the document subject to a sealing request qualifies as a judicial document; (2) the weight of the presumption of access attaching to that document; and (3) if any countervailing factors outweigh the right of public access." See *SEC v. Telegram Grp.*, 2020 WL 3264564, at *3 (S.D.N.Y. June 17, 2020) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120. "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014).

  **RTW's Position**

  RTW respectfully requests that the Court issue an order sealing Exhibit C (D.I. 213-1) to Lexeo's Reply. Exhibit C is correspondence from Lexeo's counsel Dustin Guzior to Rocket's counsel John Williamson dated February 5, 2025 ("the Letter"). The Letter contains a disputed characterization about RTW's highly confidential document production and its highly confidential business operations.

Honorable Stewart D. Aaron, U.S.M.J.
February 20, 2025
Page 2

Disclosure of the statement highlighted on page 4 of the Letter would competitively harm RTW as it characterizes RTW's document production in a manner that reveals sensitive business information. The statement at issue alleges certain use of documents designated by RTW as highly confidential and makes an assertion regarding RTW's business strategy. The assertion regarding RTW's competitive business strategy and how RTW uses highly confidential documents involves RTW's sensitive business strategy and information, and disclosure of the assertion would harm RTW. *See Lexington Furniture Indus., Inc. v. Lexington Co.*, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021) (sealing of "sensitive business information [] outweighs the public's right to access this information"); *Keurig*, 2014 WL 12772236 at *2 ("The need to protect sensitive commercial information from disclosure to competitors seeking an advantage" justifies sealing). Sealing the statement is further warranted because RTW disputes the allegations regarding its use of certain documents, and public disclosure of this mischaracterization based on Lexeo's review of RTW's highly confidential documents would cause additional harm to RTW. Lexeo has filed on the public docket a redacted version of Exhibit C (D.I. 214-1). Those redactions are the least restrictive means available to protect RTW's information. See *Lugosch*, 435 F.3d at 120.

Thus, RTW requests that the Court maintain the unredacted version of Exhibit C (D.I. 213-1) under seal.

**Lexeo's Position**

Lexeo takes no position on RTW's request.

We thank the Court for its consideration and assistance in this matter.

Respectfully submitted,

/s Jakob B. Halpern

JAKOB B. HALPERN

cc:    All counsel (by ECF)

The Letter Motion to Seal (ECF No. 217) is GRANTED. Having carefully reviewed the redacted and unredacted versions of the document filed at ECF No. 213-1 (redacted version filed at ECF No. 214-1), the Court is satisfied that RTW has met its burden, under applicable precedent, for sealing the redacted portions of such document.

SO ORDERED.
Dated: February 21, 2025

*/s/ Stewart D. Aaron*